UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**PATSY BROWN ET AL**                    **CASE NO.  6:22-CV-05190**

**VERSUS**                               **JUDGE DAVID C. JOSEPH**

**U S DEPT OF HEALTH & HUMAN             MAGISTRATE JUDGE CAROL B.
SERVICES ET AL**                         **WHITEHURST**

## MINUTES AND
## REPORT AND RECOMMENDATION FOR DISMISSAL

A telephone rule to show cause hearing was held on May 1, 2024, starting at 10:00 a.m. and ending at 10:07 a.m.[1] Participating in the conference, along with the undersigned Magistrate Judge, was Karen King on behalf of the Government. Plaintiffs, proceeding *pro se*, did not participate despite having been served notice of the hearing. The Government orally moved to dismiss the case for Plaintiff's failure to prosecute. The Court considered the Government's motion in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court and recommends that the Government's motion be granted.

Plaintiffs' former counsel, Mr. Russell, moved to withdraw as their counsel in January 2024. The Court held an in-person hearing on the motion to withdraw on

---

[1] Statistical time:  7 minutes.

February 7, 2024, and ordered Plaintiffs to personally appear. (Rec. Doc. 32). When Plaintiffs did not appear as ordered, the Court set a telephone rule to show cause for February 14, 2024, and ordered Mr. Russell to notify Plaintiffs of the hearing. (Rec. Doc. 35). Again, Plaintiffs failed to participate in the February 14, 2024 conference. Thus, the Court granted Mr. Russell's motion to withdraw and ordered Plaintiffs to enroll new counsel or advise the Court in writing of their intention to proceed *pro se* or to dismiss their claim within thirty days. (Rec. Doc. 36). When Plaintiffs failed to comply with the order, the Court set a status conference for April 9, 2024. (Rec. Doc. 38). Plaintiffs received a copy of the order by certified mail (Rec. Doc. 39), yet they failed to participate (Rec. Doc. 42). Hence, the Court set a telephone rule to show cause hearing for May 1, 2024, and ordered Plaintiffs to show cause why they have failed to participate in these proceedings. (Rec. Doc. 42). Plaintiff received a copy of the order by certified mail. (Rec. Doc. 43). Plaintiffs did not participate in the May 1, 2024, conference and the Government moved to dismiss the case for failure to prosecute.

    A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed.R.Civ.P. 41(b). "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992).

A dismissal without prejudice, where the statute of limitations is not implicated, does not prejudice the plaintiff. However, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations would bar refiling of the action. In the latter instance, the court must find that the plaintiff's "failure to comply with the court order was the result of purposeful delay or contumaciousness," and the court should employ "lesser sanctions before dismissing the action." *Berry, supra*; *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Raymond v. Univ. of Houston*, 275 F. App'x 448, 449–50 (5th Cir. 2008).

Plaintiffs assert medical malpractice claims against the U.S. Dept. of Health and Hospitals pursuant to the Federal Tort Claims Act. The FTCA provides the following time limitations:

(a) Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401.

Plaintiffs allege that their husband/father, Mr. Brown, first learned that he had allegedly undiagnosed metastatic lymphoma in March 2021 and that he died in

3

December 2021. Plaintiffs presented their FTCA claim on October 15, 2021, and filed this suit on September 6, 2022. (Rec. Doc. 1). Under §2401, Plaintiffs have until at least March 2027 to file their FTCA claims. Hence, a dismissal without prejudice is harmless. In any event, the Court finds that Plaintiffs' failure to comply with the Court's orders to appear has been contumacious.

For the reasons discussed herein, the Court recommends that Defendant's oral motion to dismiss for failure to prosecute be GRANTED and that Plaintiffs' claims be DISMISSSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 1st day of May, 2024.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE